BANCO INDUSTRIAL DE PUERTO RICO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 767. Submitted May 13, 1929.—Decided May 22, 1929.

*E. Campos del Toro* and *A. S. Romero* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action brought in the District Court of San Juan by the Banco Masónico, the name of which was changed later to Banco Industrial de Puerto Rico, against Antonio Benvenuti, Quintín Hernández and two other persons to recover on

a joint obligation signed by them and matured, a judgment against all of the defendants was entered by the clerk of the said court and in execution thereof the marshal of the District Court of Mayagüez, by order of the District Court of San Juan, levied on and sold publicly the joint interest of Antonio Benvenuti in a certain property and a mortgage credit belonging to him to the Banco Industrial de Puerto Rico in whose favor the corresponding deed of purchase and sale was executed. The Registrar of San Germán refused to record the deed because it did not appear from the documents presented to him that defendant Quintín Hernández had been notified or summoned and therefore the court acquired no jurisdiction over him, yet the clerk entered judgment as against all of the defendants, for which reason he was of the opinion that the sale made by the marshal was void. He also noted two curable defects to which the Banco Industrial de Puerto Rico agreed in its administrative appeal from the refusal to record the deed.

According to section 1111 of the Civil Code a creditor may sue any of the joint debtors or all of them simultaneously. In the present case all of the joint debtors were sued, but as the execution leading to the sale sought to be recorded was levied on properties of Antonio Benvenuti, the sale is not invalid because of the failure to notify or summon Quintín Hernández. If the judgment is void as to Quintín Hernández it is valid in regard to Antonio Benvenuti, for it is provided in section 96 of the Code of Civil Procedure that when the action is against two or more defendants, jointly or severally liable on a contract and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants.

The decision of the registrar is reversed as to the part appealed from and the record is ordered with the curable defects.